# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TERRY M. GEORGE, #93720,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−1518−JPG |
| | ) | |
| **JOHN LAKIN,** | ) | |
| **RANDY YOUNG, and** | ) | |
| **CHRISTOPHER EALES,** | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Terry George, a detainee in Madison County Jail (the "Jail"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants failed to protect him from harm and were deliberately indifferent to his medical needs, in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

In his Complaint (Doc. 1), Plaintiff claims that on August 7, 2018, he was attacked by his

cellmate, Steven Burgund, who was in the Jail awaiting retrial after having been convicted and sentenced to life in prison. (Doc. 1, p. 6). Plaintiff's right arm was injured in the altercation, and it was still causing him problems at the time he filed this suit. *Id.* Plaintiff claims Burgund should not have been placed with him because he had mental issues and was previously convicted of a crime. *Id.* Plaintiff alleges that the "Sheriff and his officers are well aware of the problems and refuse to rectify the problems until forced to do so." *Id.*

Plaintiff further alleges that in 2016, he was attacked while he was incarcerated. (Doc. 1, p. 7). He has blackouts as a result, and he spent two days in the hospital in February 2018. *Id.* In May 2018, Burgund was involved in an incident where an inmate was attacked and taken to the hospital. *Id.* Burgund later told an inmate he would kill him, and he received a brief lock-down as punishment. *Id.* Plaintiff claims Jail staff show contempt for old or weak inmates. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** On August 7, 2018, Defendants failed to protect Plaintiff from harm at the hands of his cellmate in violation of the Eighth Amendment.
>
> **Count 2 –** Defendants showed deliberate indifference to Plaintiff's serious medical need involving an injury to his arm that he sustained on August 7, 2018, in violation of the Eighth Amendment.

As discussed in more detail below, both counts will be dismissed without prejudice. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

Without reaching the merits of Plaintiff's claims, the Court notes at the outset that

Plaintiff has failed to implicate any of the named defendants in his Complaint. First, Plaintiff failed to include specific allegations against Defendants Randy Young (Jail Administrator) and Christopher Eales (Jail Administrator) in the body of his Complaint, despite his having listed them among the defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Further, though Plaintiff mentions that the Sheriff, presumably Defendant Lakin, is aware of the problems at the Jail and refuses to rectify them, this is not enough to associate Lakin with any of Plaintiff's specific claims. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Moreover, § 1983 "creates a cause of action based on personal liability and predicated upon fault ... liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff has not sufficiently suggested personal involvement on Lakin's part with respect to his failure to protect or deliberate indifference claims. Accordingly, Counts 1 and 2 will be dismissed without prejudice.

<u>Disposition</u>

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) and **COUNTS 1** and **2** are

**DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **JOHN LAKIN**, **RANDY YOUNG**, and **CHRISTOPHER EALES** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support a cognizable § 1983 claim, within 28 days of the entry of this order (on or before **October 16, 2018**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because Plaintiff has thus far failed to state a claim.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-1518-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, the defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: September 18, 2018**

s/J. Phil Gilbert
United States District Judge