# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY M. GEORGE, #93720, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv–1518−JPG |
| ) | |
| JOHN LAKIN, ) | |
| RANDY YOUNG, ) | |
| CHRISTOPHER EALES, and ) | |
| CRAIG RICHERT ) | |
| Defendants. | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Terry George, an apparent pretrial detainee in the Madison County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his First Amended Complaint, Plaintiff claims the defendants violated his Fourteenth Amendment rights by housing him with a dangerous cellmate, threatening to label him a sex offender, and forcing him to walk in the snow and ice without weather appropriate clothing. (Doc. 11, pp. 5-6).

This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

1

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint: While incarcerated at the Jail, Plaintiff was assaulted by his cellmate, Steven Burgund, who was in the Jail awaiting retrial after having been convicted and sentenced to life in prison. (Doc. 11, p. 5).[1] Unspecified "jail officials" housed Plaintiff with Burgund despite knowing that he "was previously in isolation for threats of murder of office[ers] and other inmates and suicide of himself." *Id.* Plaintiff faults Sheriff Lakin, Administrator Young, and Administrator Eales for the assault because they owed him a duty of care and are responsible for developing and implementing policies and regulations at the Jail. *Id.*

Plaintiff also directs claims against Sergeant Richert. Plaintiff claims that Richert violated his rights by threatening to tell other inmates he was a sex offender and place him in the general population. *Id.* He also claims that, in February 2018, Sergeant Richert forced him to walk in the ice and snow in a t-shirt without shoes or socks, despite knowing he was in a weakened state after receiving emergency treatment at an outside hospital. (Doc. 1, pp. 5-6).

## Applicable Standard

It appears that Plaintiff was a pretrial detainee at the time of the alleged constitutional violations. Accordingly, the Fourteenth Amendment and the objective unreasonableness standard articulated in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), govern Plaintiff's claims.

## Discussion

Based on the allegations of the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in

---

[1] According to the original Complaint, the assault occurred on August 7, 2018. (Doc. 1, p. 6). The date of the alleged assault is not included in the First Amended Complaint.

all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Lakin, Young, and Eales failed to protect Plaintiff from harm at the hands of his cellmate, in violation of the Fourteenth Amendment.
>
> **Count 2 –** Sergeant Richert threatened to tell other inmates Plaintiff was a sex offender and threatened to place him in the general population, in violation of the Fourteenth Amendment.
>
> **Count 3 –** Sergeant Richert forced Plaintiff to walk in the ice and snow without weather appropriate clothing, in violation of the Fourteenth Amendment.

### *Count 1*

Count 1 is subject to dismissal because Plaintiff has not alleged that Lakin, Young, or Eales had knowledge of a specific threat to his safety.[2] *See Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (to be liable, the prison official must have had actual knowledge of a specific threat to the prisoner's safety). Instead, Plaintiff claims these individuals are subject to liability because they are supervisory officials who implement policies at the Jail. Plaintiff's boilerplate allegations pertaining to unspecified policies at the Jail, without explanation or factual support, are insufficient to set forth a plausible claim. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)*; McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Moreover, the doctrine of *respondeat superior* (blanket supervisory liability) is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Accordingly, the fact that Lakin, Young, and/or Eales are responsible for implementing policies – standing alone – states no claim. Therefore, Count 1 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[2] Allegations pertaining to "jail officials" are insufficient. (Doc. 11, p. 5).

*Count 2*

Plaintiff claims that Sergeant Richert *threatened* to place him in general population and to tell other inmates that he was a sex offender.  (Doc. 11, p. 5).  However, Plaintiff does not allege that Richert followed through on this threat.  Thus, there is no indication that Plaintiff was subjected to a heightened risk of future injury, or that he otherwise suffered any sort of harm.  Accordingly, Count 2 is subject to dismissal for failure to state a claim upon which relief may be granted.  *See Bridges v. Gilbert,* 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir. 1997); *Wright v. Miller*, 561 F. App'x 551, 555 (7th Cir. 2014);

*Count 3*

Count 3 shall proceed against Richert based on the allegation that he forced Plaintiff to walk in the ice and snow without weather appropriate clothing, despite knowing that Plaintiff was in a weakened state following emergency medical treatment at an outside hospital.  *See Miranda v. County of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018); *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017)

**Disposition**

**IT IS HEREBY ORDERED COUNTS 1** and **2** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **JOHN LAKIN**, **RANDY YOUNG**, and **CHRISTOPHER EALES** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.  The Clerk of the Court is **DIRECTED** to terminate them as defendants in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 3** shall receive further review as to **CRAIG RICHERT**.

**IT IS FURTHER ORDERED** that, as to **COUNT 3**, the Clerk of Court shall prepare for **RICHERT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 15, 2018**

**s/J. Phil Gilbert**
**United States District Court**
